FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 17 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
UNITED STATES OF AMERICA                :
                                        :
        -against-                       :    MEMORANDUM & ORDER
                                        :
RASHAWN JOHNSON, also known as "SB,"    :    13-CR-92 (ENV)
                                        :
                       Defendant.       :
                                        :
----------------------------------------------------------------- x

VITALIANO, D.J.

Rashawn Johnson, currently incarcerated at FCI Fort Dix, has filed a letter requesting that the Court intervene with the Bureau of Prisons ("BOP") and order it to place him for "at least one year" in a halfway house, pursuant to the Second Chance Act, 18 U.S.C. § 3624. Sept. 24, 2018 Letter at 1, Dkt. 223. For the reasons explained below, the request is denied.

## Background

Johnson was arrested on February 20, 2013 and has remained in custody ever since. On August 11, 2016, having pled guilty to conspiracy to distribute narcotics, he was sentenced to a term of 90 months' imprisonment and 4 years' supervised release. Aug. 11, 2016 J., Dkt. 212. Johnson estimates that he has served 80% of his 90-month sentence as of September 2018, accounting for time served prior to sentencing. Sept. 24, 2018 Letter. According to his letter, Johnson has been informed that his case manager will recommend that the BOP place him in a halfway house, for "four to five months," just before his projected release date of September 2, 2019. *Id.* He asks that the Court "enter an order granting [him] more halfway house time," so that he can better adjust "back into the community" and become "a productive member of society." *Id.*

1

## Discussion

Without passing judgment on the validity of Johnson's request, it does, at this time, face an insurmountable impediment. First and foremost, it is premature. While Johnson anticipates challenging BOP's eventual decision about the length of his placement in a halfway house, that is, a Residential Reentry Center ("RRC"), the decision to do so has, in fact, not yet been made. Thus, there is no decision for this Court to review; nor is there a basis for it to intervene in BOP's ongoing decision-making processes.

Indeed, if Johnson wishes to challenge his placement, there is a process for doing it; just not this one. Instead, once rendered, he may challenge the adverse placement decision, but must do so through BOP's four-step Administrative Remedy Program before turning to the courts. In order to exhaust these administrative remedies, which is a pre-requisite to a lawsuit challenging a BOP decision, Johnson must complete each of the following steps:

> (1) attempting to resolve the issue informally, . . .; (2) submitting a formal written Administrative Remedy Request to the institution at which the inmate is housed within twenty days of the date on which the basis for the complaint occurred, . . .; (3) appealing an unfavorable decision at the institutional level to the Regional Director of the BOP within twenty calendar days of the date the warden signed the response, . . .; [and] (4) appealing an unfavorable decision at the regional level to the BOP's General Counsel within thirty calendar days of the date the Regional Director signed the response.

*Mueses v. Terrell*, No. 10-CV-1701 (SLT), 2010 WL 4365520, at *2 (E.D.N.Y. Oct. 27, 2010) (discussing 28 C.F.R. §§ 542.10–19).

After that, if Johnson is still not satisfied with the result, he may then, but only then, file a petition for a writ of habeas corpus under 28 U.S.C. § 2241. What will not work is sending a letter to the sentencing court. Absent geographical considerations not relevant here, sending such a letter "is not the proper vehicle for challenging a BOP decision with respect to the conditions of confinement." *United States v. Balis,* No. 03-CR-1028 (GEL), 2007 WL 4116166,

at *2 (S.D.N.Y. Nov. 16, 2007). In Johnson's case, given his present place of confinement, the appropriate venue for any such § 2241 petition would be the District of New Jersey, not this district. Regardless the district of sentencing, any § 2241 challenge to the conditions or terms of confinement, so long as Johnson is confined at FCI Fort Dix, must be filed in the District of New Jersey. *See Fortune v. Lynch*, No. 15-CV-8134 (KPF), 2016 WL 1162332, at *2 (S.D.N.Y. Mar. 22, 2016) ("because Petitioner is detained in and filed his petition from New Jersey, the appropriate venue for his habeas petition is the District of New Jersey").

Finally, in planning his legal strategy, Johnson should keep in mind that the Second Chance Act gives BOP "broad discretion over inmate placement," permitting it "to make placement decisions in light of available resources." *Mitts v. Strada*, No. 12-CV-5538 (RRM), 2013 WL 764739, at *3 (E.D.N.Y. Feb. 28, 2013). The statute orders the Director of BOP, "to the extent practicable," to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community," which may include a RRC placement. 18 U.S.C § 3624(c)(1). Plainly, the statute does not set a minimum length of time that BOP is required to place an inmate in a RRC. Furthermore, there is "no constitutional right 'to serve a sentence in any particular institution or to be transferred (or not transferred) from one facility to another.'" *Mitts*, 2013 WL 764739, at *3 (citation omitted). Consequently, compliance with the Second Chance Act merely mandates that BOP make an individualized placement determination that considers the following factors as set forth in § 3621(b):

> 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the history and characteristics of the prisoner; 4) any statement of the court that imposed the sentence—(a) concerning the purposes for which the sentence to imprisonment was determined to be warranted or (b) recommending a

type of penal or correctional facility as appropriate; and 5) any pertinent policy statement issued by the U.S. Sentencing Commission pursuant to § 994(a)(2) of Title 28.

*Mueses*, 2010 WL 4365520, at *4; *see also Levine v. Apker*, 455 F.3d 71, 81 (2d Cir. 2006) (BOP has broad discretion but must consider all 5 factors). This summary of the Second Chance Act, at any rate, is a foretaste of what lies ahead, but it offers no basis for seeking judicial relief now.

## Conclusion

In line with the foregoing, defendant's request for an order directing BOP to modify and/or set terms of his confinement is denied.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to defendant.

So Ordered.

Dated: Brooklyn, New York

October 8, 2018

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge